## BALZHISER v STATE

Ohio Appeals, 1st Dist, Warren Co
Decided May 18, 1931

A. C. Fricke, Hoffman & Burke, Cincinnati, and B. V. Pater, Hamilton, for Balzhiser.

C. D. Dilatush, Lebanon, for State.

HAMILTON, J.

Five specifications of error are stressed.

The first specification is the refusal of the court to permit the defendant to introduce evidence to prove an alibi.

The record discloses that Balzhiser offered testimony tending to prove an alibi, and that the court refused to permit him to introduce such evidence, for the reason that no notice in writing of his intention to claim such alibi was filed three days before the trial of the case, as required by the statutes.

Counsel for the accused did notify the prosecuting attorney orally that they expected to offer the defense of an alibi, but no written notice was filed.

It is argued that oral notice to the prosecuting attorney should be held sufficient and that he should not be heard to say that he did not know the defense was to be that of alibi.

Sec 13444-20 GC is plain and unambiguous. It provides:

"Whenever a defendant in a criminal cause shall propose to offer in his defense, testimony to establish an alibi on his behalf, such defendant shall, not less than three days before the trial of such cause, file and serve upon the prosecuting attorney, a notice in writing of his intention to claim such alibi; which notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense; in the event of the failure of a defendant to file the written notice in this section prescribed, the court may, in its discretion, exclude evidence offered by the defendant for the purpose of proving such alibi.

The statute was upheld and applied in the case of State of Ohio v Nooks et al, reported in 123 Oh St, 190.

Whatever our view of the validity of the statute may be, we are bound by the decision in the case of State of Ohio v Nooks, supra. No notice in writing of the accused's intention to claim such alibi having been filed, nor any notice giving specific information as to the place in which the accused claimed to have been at the time of the alleged offense, the statute was not complied with, and the court did not err in excluding the testimony.

The second specification of error is the failure to charge the jury as provided in §13442-9 GC, that in determining the question of guilt "it must not consider the punishment but that punishment rests with the judge, as may be provided by law, except in cases of murder in the first degree, or burglary of an inhabited dwelling."

This court has held in two cases that the giving of this charge was mandatory, and this holding was upheld by the Supreme Court in refusing to review the cases. Moon v State of Ohio and Terrell v State of Ohio, Clinton County cases, decided by this court November 21, 1930.

It will be noted there are two exceptions to the giving of this charge: first, cases of murder in the first degree; and, second, burglarly of an inhabited dwelling. These two exceptions were undoubtedly placed in the law by the legislature, for the reason that in such cases the jury is empowered by the law which charges the offense, to recommend mercy, which materially reduces the penalty: in first degree murder cases, from death to life imprisonment; and in cases of burglary of an inhabited dwelling,

from life imprisonment to not less than twenty years.

Subsequent to the enactment of §13442-9, GC, the legislature amended §12441 GC, which provides in the second paragraph thereof:

"Whoever, by day or night, maliciously enters a bank or other financial institution which receives upon deposit or otherwise for safe-keeping the moneys or public funds, of individuals or corporations, and attempts to commit or commits a felony with firearms or other deadly weapons, shall be imprisoned in the penitentiary during life; provided, that if the jury upon the trial of any such indictment as a part of their verdict finds the accused guilty and recommends mercy, the court may sentence the accused to not less than twenty years in the penitentiary."

The offense of robbing a bank in violation of §12441 GC is not an exception in §13442-9 GC. So that we have the conflicting propositions in the two sections, in that §13442-9 GC provides that the jury in determining the question of guilt must not consider the punishment, that punishment rests with the judge. While in §12441 GC it is provided that "the jury upon the trial of any such indictment as a part of their verdict finds the accused guilty and recommends mercy, the court may sentence the accused to not less than twenty years in the penitentiary." In other words, in one section the jury is not to consider the punishment. In the other section, the jury is empowered to recommend mercy, which would in effect reduce the punishment from life imprisonment to not less than twenty years.

Under the rules of statutory construction, we must give effect to both sections if possible and reconcile them. Construing the statute as in pari materia, it becomes necessary to, and we so find that the offense of bank robbery, under §12441 GC, is an additional exception to the provision in question in §13442-9 GC, and the refusal of the trial court to instruct the jury in the case under consideration was not error.

The alternative of this view would be that the amendment to §12441 GC, having been enacted subsequent to §13442-9 GC, it would repeal by implication the application of §13442-9 GC to this section. This construction would mean that there was no provision with reference to the charge under consideration applicable to §12441 GC. Whether we hold the sections in conflict, or §12441 GC an additional exception, the result is the same.

The third specification of error is the refusal of the court to sustain certain chal-

lenges for cause. This question goes to the challenge for cause of jurors Mrs. Francis and Mr. Bangham.

In examination of Mrs. Francis on her voir dire, as a prospective juror, the record discloses the following questions and answers:

"Mr. Pater: Mrs. Francis would that have any effect on you, if it was brought out in this case that about 5 years ago he had been in trouble?

Mrs. Francis: No.

Mr. Pater: Would it even slightly prejudice you against the defendant?

Mrs. Francis: I do not know how to answer that.

Mr. Pater: Would the fact that 5 years ago this boy had been in trouble and that he pleaded guilty to a robbery charge; would that fact tend to make you believe that he must be guilty now because he was in trouble once before?

Mrs. Francis: I am afraid I might lean that way.

Mr. Pater: Then along came instructions from the court as to reasonable doubt in your mind of his guilt and in the event that instruction did not suit your personal idea yet you understood your duty under your oath as a juror, would that additional fact and the fact of his having been in trouble some 5 or 6 years ago cause you to lean to a verdict of guilty?

Mrs. Francis: Not if he is not guilty, I do not think so.

Mr. Pater: Are you sure of that?

Mrs. Francis: I can not tell you absolutely, no."

On examination of Mr. Bangham, we find the following questions and answers:

"Mr. Pater: I will ask all of the jurors, if the fact that the defendant had been in trouble some 5 or more years ago would cause you, in any way, to lean toward a verdict of guilty?

Mr. Bangham: It would me.

Mr. Pater: That fact would have some effect on you?

Mr. Bangham: I do not think I could ignore that.

Mr. Pater: Would you consider the evidence of his making a mistake some 5 years ago as part of the evidence as to helping you determine his guilt or innocence in this case or would you go according to the evidence presented?

Mr. Bangham: I would go according to the evidence."

Upon these questions and answers is pred-

icated the- right to exercise challenges for cause, which challenges the trial court overruled.

We are of opinion that the questions propounded were not such as were contemplated on the voir dire on which to base the challenge for cause in the case under consideration. The rule is that:

"The entire voir dire examination should be directed exclusively to the question whether from any cause the juror has a bias of mind in favor of or against either party that would interfere with his impartial and full consideration between them as to the guilt of the accused as charged." **State v' Ellis, 98 Oh St, 21.**

"And, further; 'hypothetical questions are not competent when their evidence purpose is to have the jurors indicate in advance what their decision will be under a certain state of evidence or upon a certain state of facts.'" **State v Huffman, 86 Oh St, 229.**

It will be noted that the questions and answers are predicated upon an evidentiary fact that may be introduced properly in the trial of the case. The effect therefore of the questions would be for the purpose of getting the jurors to indicate in advance their view on a certain state of evidence or of a certain state of facts. That this was so, is borne out in the trial of the case, where, upon cross-examination of the accused, he was interrogated concerning the matter to which counsel refers in the examination on the voir dire, which evidence the court permitted to go in, for the sole purpose of affecting the credibility of the witness.

To answer other than as the jurors did on their voir dire, would have indicated that they might not be guided solely by the evidence and the law. In the last analysis, both jurors stated that they would be guided solely by the law and· the evidence, and that they had no prejudice against the defendant.

The court did not err in overruling the challenges for cause.

The next specification of error complained of is the refusal of the court to give special charges before argument. That the court is not required to give special charges before argument in criminal cases is well settled in the case of **Wertenberger v State, 99 Oh St, 353,** where the court held in the syllabus:

"Under §13675, GC, the court is authorized but not required ·at the conclusion of the evidence, upon the request of the state or of the accused, to charge the jury before argument upon the points of law requested and pertinent to the case."

The giving of the special charges was discretionary with the trial court, and the refusal to give- them was not error.

Another assignment of error is the failure of the court to instruct the jury immediately after the conclusion of the arguments, under the mandatory provision of the statute.

The law is contained in §13442-8, GC, subsection 7:

"The court, after the argument is concluded, and before proceeding with other business, shall forthwith charge the jury; * * * ."

The record discloses the following:

At the close of all the evidence, counsel for the accused moved for an instructed verdict, which motion was overruled.

Thereupon, counsel for the accused offered several special charges, which the court refused to give.

Counsel for the accused thereupon moved the court to.instruct the jury in writing before argument of counsel, which motion the court overruled.

.Thereupon, followed the opening argument of counsel for the state and the argument of counsel for the accused.

Thereupon the court ordered a few minutes recess.

Thereupon the prosecutor gave his final argument to the jury.

Whereupon, the following appears in the record:

"Court: Members of the jury we will take a few minutes recess.

"Thereafter court met pursuant to the recess and counsel for plaintiff gave his final argument to the jury and court adjourned to convene at 12:30 p. m.

"Thereafter court met pursuant to adjournment at 12:30 p. m. and the following proceedings were had.

"Mr. Pater: I desire to note an exception to the fact that the court let the jury go immediately after argument without charging them.

"At this point the court charged the jury as follows:"

There is nothing in the record to show that the court proceeded with any other business before charging the jury.

The provisions of sub-section 7 of §13442-8, GC, must be given its ordinary meaning, and the whole of the language used considered. This language is that after the

argument is concluded, and before proceeding with other business, the court shall forthwith charge the jury. The meaning is clear that the court shall not proceed with any other court business until the charge is given to the jury.

As far as the record is concerned, the court did nothing after the argument was concluded, but take a short recess, and thereupon charged the jury, without proceeding with any other business. There was no error in this, and our conclusion is supported by the case of **Kahoun v State of Ohio, 33 Oh Ap, 1,** and we concur in the reasoning therein advanced.

We find no prejudicial error in the record, and the judgment will be affirmed.

ROSS, PJ, and CUSHING, J, concur.